UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-22560-CIV-GRAHAM

MARCOS BENAVIDES, and all
others similarly situated,

    Plaintiffs,

vs.

MIAMI ATLANTA AIRFREIGHT, INC.,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment [D.E. 23] and Plaintiff's Motion for Summary Judgement [D.E. 30] (collectively, the "Motions").

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

This is an action brought pursuant to the Fair Labor Standards Act, 28 U.S.C. §§ 201-216 (hereinafter the "FLSA"). On or about September 25, 2006, Defendant hired Plaintiff as a delivery driver and Plaintiff worked in that capacity through approximately June 8, 2007. While employed by Defendant, Plaintiff was engaged in transporting goods through interstate commerce. Moreover, Plaintiff's workweek ranged from Friday to Thursday. The wages Plaintiff earned for a particular week were paid eight days later,

on each successive Friday.  It is undisputed that all wages paid to Plaintiff were paid in this manner, *i.e.*, on the Friday eight days after being earned.

Defendant moved for summary judgment alleging that Plaintiff is not entitled to overtime pay because Plaintiff, as a delivery driver, is exempt under section 213(b)(1) of the FLSA.  Defendant further challenges Plaintiff's contention that "Defendant's customary practice [of paying] Plaintiff between 7 to 8 days after said minimum and overtime wages accrued . . ." constitutes a violation of the FLSA and 29 C.F.R. 778.106. [See  Def.'s Mem. of Law in Supp. of Mot. 8.] In this regard, Defendant notes that the FLSA does not require that minimum wages be paid within a specific time.  On the contrary, according to Defendant, its practice of paying wages eight days after the end of the workweek is typical of legally permissible payroll practices.

In opposing Defendant's request for summary judgment, Plaintiff does not address the applicability of the exemption under section 213(b)(1).  Instead, Plaintiff focuses on Defendant's practice of paying wages eight days after the workweek ends. According to Plaintiff, the eight day lag in payment of wages violates the FLSA.

Plaintiff makes almost identical arguments in support of his cross motion for summary judgment.  Indeed, Plaintiff conclusively

asserts that Defendant's undisputed practice with respect to paying wages warrants summary disposition of the case in his favor.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). That burden is discharged if the moving party shows the Court that there is "an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325.

Once the moving party has discharged its burden, the nonmoving party must designate specific facts showing that there is a genuine issue of material fact. <u>Id.</u> at 324. Issues of fact are "genuine" only if a reasonable fact finder considering the evidence presented could find for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Material facts are those that will affect the outcome of the trial under the substantive law. <u>Id.</u> at 248. In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. <u>Id.</u> at 261 n.2. All doubt as to the existence of

a genuine issue of material fact must be resolved against the moving party. <u>Hayden v. First Natl. Bank of Mt. Pleasant</u>, 595 F.2d 994, 996-97 (5th Cir. 1979).

### III. DISCUSSION

A.  *Claim for Overtime Wages*

Defendant's request for summary judgment is partially premised on section 213(b)(1) of the FLSA. Section 213 lists several exemptions to the FLSA's minimum wage and maximum hour requirements. <u>See</u> 29 U.S.C. § 213. Pertinent to this action is section 213(b)(1), which provides, in relevant part, that the maximum hour requirement does not apply with respect to any employee who's qualifications are established by the Secretary of Transportation. <u>See</u> 29 U.S.C. § 213(b)(1). This provision sets forth what is commonly known as the "motor carrier exemption." The exemption also applies to an employee of a motor carrier. Specifically, "the Secretary has the power to establish qualifications and maximum hours of service for employees who (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." <u>Baez v.</u>

Wells Fargo Armored Service Corp., 938 F.2d 180, 182 (11th Cir. 1991) (citations omitted).

In this case, Defendant falls within the parameters of the exemption under section 213(b)(1). Specifically, at all relevant times, Defendant was a commercial freight company, licensed and regulated by the Florida Department of Transportation, that engaged in the transportation of freight between the State of Florida and other states or foreign countries. See D.E. 23-3, Quigley Aff. ¶ 3. Therefore, the FLSA's protective provisions are inapplicable to Plaintiff's claims.

Further support for the exemption in this case is the fact that Plaintiff was a driver for Defendant. In this Circuit, pursuant to section 213(b)(1), drivers and driver-helpers have been found to be exempt from the FLSA's overtime compensation provisions. See Opelika Royal Crown Bottling Co. v. Goldberg, 299 F.2d 37, 43 (5th Cir. 1962), recognized in Baez, 938 F.2d at 182. Therefore, Defendant's business of commercial freight transportation and Plaintiff's position as a driver leads to the conclusion that Plaintiff cannot seek overtime compensation under the FLSA.

Interestingly, Plaintiff does not challenge the applicability of the exemption, but instead directs the Court to the different issue regarding Defendant's practice of paying eight days after wages are earned. See Pl.'s Opp. 1 ("Plaintiff is merely claiming

liquidated damages for all minimum and straight time wages that were paid to him in an untimely manner during his employment with the Defendant. Therefore, Plaintiff will only address the issue of untimely payments raised [in Defendant's Motion for Summary Judgment]."). Despite Plaintiff's attempt to divert the issue, the Court finds that Defendant correctly presents the applicability of the exemption and, as discussed below, also appropriately addresses Plaintiff's theory of delayed payments.

B.   *Claim for Delayed Payment of Wages*

Defendant challenges Plaintiff's claims relating to the company's admitted practice of paying employee wages eight days after wages accrue. In this case, Plaintiff's workweek was from Friday to Thursday. Plaintiff was paid on the Friday eight days after the end of the workweek. It is undisputed that Friday - with an eight day lag - was the regularly scheduled payday and that, on each payday, Plaintiff was paid for all wages earned during the relevant pay period.

Based on these undisputed facts, Defendant requests summary judgment arguing that the FLSA does not require that wages be paid within a specific period. Rather, the only requirement under the FLSA is that employers pay wages in a timely fashion. [Def.'s Mem. of Law in Supp. of Mot. 8.] In support thereof, Defendant cites to cases where courts signal approval of weekly, semi-monthly and monthly payroll periods. See, e.g., Marshall v. Allen-Russell

Ford, Inc., 488 F. Supp. 615, 618 (E.D. Tenn. 1980); <u>Olson v. Superior Pontiac-GMC, Inc.</u>, 765 F.2d 1570, 1578 (11th Cir. 1985), <u>modified</u> by <u>Olson v. Superior Pontiac-GMC, Inc.</u>, 776 F.2d 265 (11th Cir. 1985). Based thereon, Defendant maintains that an eight day lag for payment of wages, without more, cannot be found to violate the FLSA. This Court agrees.

The Eleventh Circuit has held that the FLSA requires an employee to be paid minimum wages during the pay period. See <u>Olson</u>, 765 F.2d at 1578. Therefore, the pertinent question becomes: what is a "pay period"? Defendant correctly notes that there is nothing in the law that requires a pay period be one week or that employees be paid weekly. See <u>Marshall</u>, 488 F. Supp. at 618. As noted above, courts consider acceptable weekly, semimonthly, monthly and even longer payroll periods. <u>Id.</u> Indeed, this Circuit has expressly held that the FLSA allows pay periods in excess of one week. <u>Olson</u>, 765 F.2d at 1575.

Based on the precedent and its application to the undisputed facts, the Court finds that Defendant's practice of paying wages seven to eight days after wages accrue is permissible. Without more, the payment practices at issue here cannot be a violation of the FLSA. While Plaintiff would have this Court embrace his dubious view that Defendant was "habitually 8 days late," Plaintiff's allegations are unsupported by the record. Morever, contrary to Plaintiff's assertions, the length of time it may take

Defendant to print payroll checks is irrelevant for purposes of determining whether the company's payroll practice is legally permissible. Here, Defendant engaged in a weekly payroll practice and timely paid Plaintiff on each scheduled payday. Plaintiff has failed to submit any evidence to the contrary. Consequently, summary disposition in favor of Defendant is appropriate.[1]

As the Court finds that Defendant is entitled to summary judgment on all claims, the Court denies Plaintiff's cross motion for summary judgment. The Court is also aware that a similar motion by Plaintiff's counsel was recently denied by in this district. See docket entry 75 in Arroyave v. Rossi, Case No. 20156-CIV-MARTINEZ/BANDSTRA (S.D. Fla. March 13, 2008) (granting defendant's motion for summary judgment and denying plaintiff's

---

[1] The Court is similarly unpersuaded by Plaintiff's reference to 29 C.F.R. 778.106. While that regulation does provide that "payment may not be delayed for a period that is longer than is reasonably necessary for the employer to compute and arrange for payment . . . and in no event may payment be delayed beyond the next payday after such computation can be made," it is important place the regulation in context. Regulation 778.106 addresses payment of overtime, not regular wages. Indeed, a careful review demonstrates that the word "overtime" appears no less than seven times within 29 C.F.R 778.106. Plaintiff cannot parse out only those portions of the regulation that are to his benefit. Furthermore, the Court finds it significant that nothing in the regulation nor in Plaintiff's submissions define "payday." Indeed, in this case "payday" is every Friday for wages accrued eight days prior. Cf. Biggs v. Wilson, 1 F.3d 1537, 1538 n.1 ("We do not comment on how to define an employee's payday."). Consequently, Defendant correctly notes that Plaintiff's reliance on 29 C.F.R. 778.106 is misplaced.

cross motion for partial summary judgment).[2] This Court, therefore, recommends that counsel reconsider the theory of liability in light of this Circuit's precedent and this Court's recent decisions.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [D.E. 23] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgement [D.E. 30] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that this case is removed from the Court's trial calendar and is **CLOSED** for administrative purposes. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of April, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[2] Research also reveals that Plaintiff's counsel submitted an almost identical motion for summary judgment in the case of Mora v. Key Colony No. 1 Condo. Assoc., Inc., Case No. 07-20152-CIV-O'SULLIVAN.