UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22560-CIV-GRAHAM/TORRES

MARCOS BENAVIDES,

        Plaintiff,

vs.

MIAMI ATLANTA AIRFREIGHT, INC.

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**

This matter is before the Court upon Defendant's Motion for Sanctions [D.E. 40] that was referred from the Honorable Donald L. Graham for disposition [D.E. 41]. Upon consideration of the motion, Plaintiff's response, Defendant's reply, and the entire record, the Court denies Defendant's Motion for Sanctions.

## I.   BACKGROUND

This case was brought by Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") to recover liquidated damages and reasonable attorney's fees. Plaintiff alleged that during the period he was employed by Defendant as a delivery driver, Defendant willfully and intentionally refused to timely pay Plaintiff straight time and minimum wages in violation of the FLSA. Both Plaintiff and Defendant moved for summary judgment, and on April 7, 2008, District Judge Graham entered an Order granting summary judgment in favor of Defendant. [D.E. 39]. Judge Graham's Order is now on appeal to the Eleventh Circuit.

Defendant is now seeking the imposition of sanctions pursuant to Fed. R. Civ. P. 11and 28 U.S.C. § 1927 against Plaintiff and his counsel. Defendant claims that Plaintiff filed a

frivolous lawsuit with the intention of using the FLSA mechanism to extort money from a former employer where this is no violation of the statute. Defendant argues that sanctions are appropriate for a claim that is unreasonable, vexatious, and without basis in fact. Defendant further asserts that Plaintiff selectively used incomplete language from a regulation to support his arguments on a position that was contrary to well established law.

Plaintiff responds that Plaintiff made a legal argument based on the facts known to him that were grounded in an analysis of case law and an applicable regulation. Plaintiff argues that the Court should find Plaintiff's claim was not "baseless" under the law.

## *II.  ANALYSIS*

### A. *Rule 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure provides that by signing a pleading, motion, or other paper presented to the court, the attorney signing is certifying that the claim asserted is neither frivolous nor brought for an improper purpose. Fed. R. Civ. P. 11(b). The Rule further provides that if a party violates that certification a court may, after notice and an opportunity for the offending party to respond, impose sanctions. Fed. R. Civ. P. 11(c).

When ruling on a motion for sanctions pursuant to Fed. R. Civ. P. 11, the Court performs a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Byrne v, Nezhat,* 261 F.3d 1075, 1105 (11th Cir. 2001). Rule 11 is intended "to deter claims with *no* factual or legal basis at all." *Davis v. Carl,* 906 F.2d 533, 538 (11th Cir. 1990).

The first prong of this inquiry is an objective standard for assessing conduct, that takes into account the "reasonableness under the circumstances" and "what was reasonable to believe at the time" the representation to the Court was made. *Aetna Ins. Co. v. Meeker*, 953

F.2d 1328, 1331 (11th Cir. 1992); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987). An objectively frivolous claim can be demonstrated in one of three ways: (1) when a party files a pleading, written motion or other paper that has no reasonable factual basis; (2) when a party files a pleading, written motion or other paper that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party files a pleading, written motion or other paper in bad faith for an improper purpose. *Id.*; *see also Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996).

Assuming the first prong of the inquiry is satisfied, the second test focuses on whether the lawyer should have been aware that the claims were frivolous; "that is, whether he would have been aware had he made made a reasonable inquiry." *Jones v. International Riding Helmets, Ltd.,* 49 F.3d 692, 695 (11th Cir. 1995). The reasonableness of the prefiling inquiry depends on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law. *Id.* (citing *Donaldson v. Clark,* 819 F.2d at 1556).

The Court's analysis must focus on what the lawyer knew or did before filing the offending paper. The text of Rule 11 permits sanctions only if the objectionable court paper is "signed in violation of this rule." *Souran v. Travelers Ins. Co.,* 982 F.2d 1497, 1507 (11th Cir.1993). Thus, the Court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney at the time of filing. *Id.* at 1508 (citations omitted). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion,

or other paper was submitted." *Id.* at 1507 (quoting Fed.R.Civ.P. 11, Advisory Committee Note, 1993 Amd.)

This means that Rule 11 sanctions are warranted when a party demonstrates a "deliberate indifference to obvious facts," but not when the evidence is merely weak or the case is brought as a result of "poor judgment." *Davis v. Carl*, 906 F.2d at 537. If there is "scant on-point authority to guide the reasonable lawyer to the conclusion that . . . he either had no reasonable chance of success or was advancing an unreasonable argument to change existing law[,]" then the lawyer should not be sanctioned. *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir. 2003) (reversing Rule 11 sanction award as abuse of discretion despite affirming district court's dismissal of action on the merits). On the other hand, if a lawyer knows at the time of filing that his client's claims are not plausible under the facts or the law, then he may be sanctioned under the Rule. *See Jones,* 49 F.3d at 695-96.

Applying these standards to the facts at hand, the Court finds that Plaintiff's claims were neither brought for an improper purpose nor objectively frivolous. Sanctions cannot, therefore, be imposed against Plaintiff or Plaintiff's counsel under Rule 11. We first reject Defendant's first contention that Plaintiff brought this action in an attempt "to use the FLSA mechanism to extort money from a former employer" [D.E. 40 at 5]. Both the record and Defendant's assertions fail to supply adequate proof to show that this action was motivated by extortion to any extent, much less that this improper purpose constituted the sole reason for bringing the lawsuit. Accordingly, this particular argument does not support a Rule 11 sanction. To the contrary, the record shows that Plaintiff's counsel was pursuing a legal theory, though meritless, that would expand an employee's rights under FLSA. That is not an improper purpose.

Defendant's second contention, that Plaintiff's claims were objectively frivolous because Plaintiff knowingly and deliberately misrepresented facts and law to support his position, would warrant, if true, the imposition of sanctions pursuant to Rule 11. However, Defendant's arguments on this point solely address the strength of Plaintiff's claims in regards to the merits of the case, which is separate and distinct from whether the claim is objectively frivolous and deserving of sanctions. Defendant has not met its burden to sufficiently support its assertions.[1]

Plaintiff's claim focused on the undisputed fact that Defendant's payment procedure delayed paying Plaintiff for eight days after the pay period ended. We agree that Plaintiff supplied minimal support for his claim that this payment procedure was not timely and in violation of the FLSA. For instance, Plaintiff incorrectly relied on a regulation, 29 C.F.R. 778.106, that addresses delays in payment of overtime wages, to argue that Plaintiff's standard hourly wages (not overtime wages) were improperly delayed. Judge Graham's Order on summary judgment persuasively explained why Plaintiff's reliance on this regulation was misplaced.

Nonetheless, although his claim was based on a misapplication of law and had little chance of success from the outset, Plaintiff's counsel advanced a tenable or plausible legal position such that the claim was not completely and utterly baseless. Plaintiff was able to rely on a Ninth Circuit case, *Biggs v. Wilson,* 1 F.3d 1537 (9th Cir. 1993), that included language suggesting that failure to timely pay wages was a FLSA violation. *See also Rogers v. City of*

---

[1] To further support the argument that Plaintiff and his counsel had knowledge of their misrepresentations, Defendant asserts Plaintiff's counsel was put on notice pursuant to Rule 11 that his claims were unreasonable, vexatious and without basis in fact. [D.E. 40 at 7]. However, the fact of Defendant's early warnings to Plaintiff counsel does not automatically prove that either Plaintiff or Plaintiff's counsel had actual knowledge of their wrongdoing. Plaintiff's counsel was not required to accept Defendant's position as long as he had a plausible view of the law to support his claim.

*Troy,* 148 F.3d 52, 55 (2d Cir. 1988).  Defendant correctly distinguished that case, however, because neither *Biggs* nor any case cited in Plaintiff's opposition papers actually held that payment of wages a certain number of days following the end of the pay period was a FLSA violation.  Certainly Judge Graham's Order reached that same conclusion.  At the same time, however, it must be acknowledged that none of the cases cited by Defendant or in Judge Graham's Order held expressly to the contrary.  Instead, the cases cited in the Order set forth the well understood proposition that an employer has the right to alter the pay period that will be used for its employees.  *See, e.g., Olson v. Superior Pontiac-GMC, Inc.,* 765 F.2d 1570, 1573 (11th Cir. 1985).  Based on that premise, Judge Graham concluded that there was nothing improper about the Defendant's regular payroll system of distributing paychecks eight days after the end of the applicable pay period.

From this it is clear that the weight of authority and logic fully supported the Defendant's position in this case, as Judge Graham found.  That is a far cry, however, from reaching the conclusion that Plaintiff's theory was implausible or baseless in the extreme.  There is no controlling authority in this Circuit that foreclosed the argument that clearly sought to expand the interpretation of what a prompt or timely payment was under the FLSA.  The absence of controlling authority, coupled with principles found in cases in the Ninth and Second Circuits, probably permitted Plaintiff to advance the expansion in the law that was sought here.  As the Eleventh Circuit sitting *en banc* reminded us in *Donaldson,* "Rule 11 [is not] intended to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law.  The rule should not be used to deter potentially controversial or unpopular suits.  It does not mean the end of doctrinal development, novel legal arguments, or cases of first impression."  819 F.2d at 1561.

Accordingly, the Court denies Plaintiff's Motion for Sanctions against Plaintiff and Plaintiff's counsel under Rule 11. That being said, and as Judge Graham pointed out in his Order, several judges in this District have reached the same conclusion that Judge Graham reached. Plaintiff's counsel has the right to pursue his theory on appeal. Absent a reversal from the Eleventh Circuit, however, counsel would be well advised to consider whether any more failure to timely pay claims should be filed in this District unless he can make an affirmative showing that pay periods were manipulated to deprive an employee of what he was due under the FLSA. *See, e.g., Rogers,* 148 F.3d at 55-56. In other words, though we decline to award sanctions in the exercise of our discretion in this case, another reasonably minded jurist may reach the opposite conclusion and have every right to do so under the operative standard of review that applies in Rule 11 cases.

### B.     *Sanctions for Vexatious Litigation Under 28. U.S.C. § 1927*

Defendant also asserts that the Court should impose sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. Section 1927 provides, in pertinent part, that: "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The plain statutory language of section 1927 makes clear that this section is not a "catch-all" provision for sanctioning objectionable conduct by counsel. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). To justify an award of sanctions a court must find that three conditions apply: (1) an attorney must engage in unreasonable and vexatious conduct; (2) this conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *Peterson*, 124 F.3d at 1396.

An attorney's conduct meets the first of these conditions "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. International Computer Negotiations, Inc.,* 499 F.3d 1252, 1262 (11th Cir. 2007) (quoting *Amlong & Amlong, P.A. v. Denny's Inc.*, 457, F.3d 1180, 1190 (11th Cir. 2006)). For an attorney's conduct to classify as egregious, the attorney must knowingly or recklessly pursue a frivolous claim. *Hudson*, 499 F.3d at 1262. Negligent conduct alone will not support a finding of bad faith under § 1927, and for sanctions to be appropriate something more than a lack of merit is required. *Id.*

"While an attorney's conduct must be tantamount to bad faith, 'for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.'" *Id.* at 1262 (citing *Amlong & Amlong*, 457 F.3d at 1190). "What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard. *Id.* "That is not to say the attorney's purpose or intent is irrelevant. Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[]' if it is done with a malicious purpose or intent." *Id.* (internal citations omitted).

For reasons similar to the ones discussed above in reference to the Rule 11 argument, the Court rejects Defendant's argument that sanctions are appropriate under 28 U.S.C. § 1927. Defendant contends that Plaintiff's counsel engaged in unreasonable and vexatious conduct that multiplied the proceedings. However, when measured by an objective standard, the record clearly fails to support a finding that the attorney's conduct here was so egregious that it was tantamount to bad faith. The Court is unable to find evidence that Plaintiff knowingly and recklessly continued on a frivolous claim that alone multiplied the proceedings. We

previously noted that the District Court determined the evidence fell far short of creating a genuine issue as to Plaintiff's FLSA claim for delayed payments of wages and as a result entered summary judgment in Defendant's favor. Yet, while it was decided that Plaintiff's case was "pure conjecture" and "exceedingly weak on these points", it was not so weak as to make it frivolous for him to argue that an eight day delay for payment was longer than the required timely pay period. *See Hudson,* 499 F.3d at 1264.

The Court's review of the record shows that this case was not litigated in a wild-eyed fashion based on the limited docket entries that were necessary to resolve the case. Moreover, Defendant provided no factual support to the contrary. The record thus shows that the case proceeded fairly expeditiously to summary judgment, where it deserved to be resolved. This case cannot be characterized as being vexatious or oppressive. Therefore, there is nothing more to Defendant's pending argument other than a lack of merit to Plaintiff's case. Sanctions under § 1927 are not appropriate under those circumstances. And at best this is a case of negligent conduct on the part of Plaintiff's counsel. But negligent conduct is not enough to trigger sanctions under § 1927. *See Amlong & Amlong P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1241-42 (11th Cir. 2007) (amended and superseding prior opinion, 457 F.3d 1180). Instead, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions – the attorney must *knowingly or recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242 (emphasis in original).

The Court cannot conclude that Plaintiff's counsel knowingly and recklessly pursued a frivolous claim. Therefore, sanctions under § 1927 cannot be assessed.

### *III.   CONCLUSION*

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion for Sanctions [**D.E. 40**] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of June, 2008.

_____
EDWIN G. TORRES
United States Magistrate Judge