# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 04, 2009

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

FILED by _____ D.C.

MAY - 7 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. - MIAMI

**Appeal Number: 08-12129-GG**
Case Style: Marcos Benavides v. Miami Atlanta Airfreight
District Court Number: 07-22560 CV-DLG

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:

Bill of Costs
    Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 08-12129
Non-Argument Calendar

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2009
THOMAS K. KAHN
CLERK
```

D. C. Docket No. 07-22560-CV-DLG

MARCOS BENAVIDES,
and all others similarly situated,

Plaintiff-Appellant,

versus

MIAMI ATLANTA AIRFREIGHT, INC.,

Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

No. 08-13528
Non-Argument Calendar

D. C. Docket No. 08-20186-CR-JLK

CESAR CASTILLO,

Plaintiff-Appellant,

versus

MIAMI ATLANTA AIR FREIGHT, INC.,

Defendant-Appellee.

Appeals from the United States District Court
for the Southern District of Florida

## J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 0 4 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    April 3, 2009
For the Court:    Thomas K. Kahn, Clerk
By:    Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 08-12129
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-22560-CV-DLG

MARCOS BENAVIDES,
and all others similarly situated,

                                                            Plaintiff-Appellant,

versus

MIAMI ATLANTA AIRFREIGHT, INC.,

                                                            Defendant-Appellee.

---

No. 08-13528
Non-Argument Calendar

---

D. C. Docket No. 08-20186-CR-JLK

CESAR CASTILLO,

                                                            Plaintiff-Appellant,

versus

MIAMI ATLANTA AIR FREIGHT, INC.,

Defendant-Appellee.

Appeals from the United States District Court
for the Southern District of Florida

**(April 3, 2009)**

Before EDMONDSON, Chief Judge, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Plaintiffs-Appellants challenge the district court's grant of summary judgment in favor of their employer, Miami Atlanta Airfreight, Inc. ("Airfreight"), dismissing Plaintiffs' claims under the Fair Labor Standards Act, 28 U.S.C. §§ 201-216 ("FLSA"). No reversible error has been shown; we affirm.

Plaintiffs seek liquidated damages for untimely payment of their wages under the FLSA. The crux of Plaintiffs' complaint is that Airfreight's policy of paying its employees seven to eight days after the pay-period ended -- without justification for the delay -- violates the FLSA.

Section 206(b) of the FLSA provides that "[e]very employer shall pay to each of his employees ... who in any work week is engaged in commerce or in the production of goods for commerce ... not less than the minimum wage rate...." 29

2

U.S.C. § 206(b). Although the FLSA specifies no time within which wages must be paid, liquidated damages may be available if the employer fails to pay wages or overtime on the regular payment date. See Atlantic Co. v. Broughton, 146 F.2d 480, 482 (5th Cir. 1945). And we will assume that a "regular payment date" may be so far distant from the pay period to which payment relates to state a violation of the FLSA minimum wage. But we are cited to no cases that have concluded that seven or eights days' payment in arrears -- the time between the end of the pay period and Airfreight's regular payment date -- is actionably unreasonable or untimely.* No requirement exists that wages be paid simultaneously with the end of the pay period. We see no support in the FLSA or in case law for Plaintiffs' conflation of the end of the pay period and the regular pay date.

The district court committed no error in granting summary judgment to Airfreight: Plaintiffs failed to show that Airfreight's practice of paying wages seven to eight days after the wages accrued violates the FLSA.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

_____

*Olsen v. Superior Pontiac-GMC, Inc., 765 F.2d 1570 (11th Cir. 1985), cited by Plaintiffs, is not on point. Olsen addressed whether commissions paid to car salesmen could be carried forward. Olsen concluded that the carry-forward-payment sequence was allowable only if the employee actually received the minimum wage for each pay period.

3

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

Marcos Benavides

Appellant

vs.

Miami Atlanta Airfreight, Inc.

Appellee

Appeal No. 08-12129-GG

APR 16 2009

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 16 2009
THOMAS K. KAHN
CLERK

## INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | X | | 17 | 10 (9) | 170 | $25.50 | $22.95 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | | $ $25.50 REQUESTED | $ $22.95 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: 4/16/09     Signature: [signature]

Attorney for: Miami Atlanta Airfreight, Inc.     Attorney Name: Jennifer J. Ator
(Type or print name of client)                   (Type or print your name)

## FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$22.95__ against __Appellant__

and are payable directly to __Appellee__

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia

Thomas K. Kahn, Clerk

By: [signature]
Deputy Clerk

Issued on: MAY 0 4 2009

MISC-12
(12/07)